IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN NELSON,

    Plaintiff,

v.

COMMISSIONER of the Social Security Administration,

    Defendant.

_____

Civ. No. 6:10-cv-989-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff filed this petition (#24) for attorney fees in the amount of $10,949.73 and expenses in the amount of $655.14 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendant, in response (#27), moves this Court to deny the petition, arguing that the Commissioner was substantially justified in denying plaintiff disability insurance benefits (DIB) and social security insurance (SSI) benefits under the Social Security Act, 42 U.S.C. § 401–434. For the reasons set forth below, plaintiff's petition (#24) is GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI benefits on December 27, 2006, alleging a date of disability onset of February 5, 2004. Tr. 13 & 25. These claims were denied. Pl.'s Br. 2, ECF No. 13. Plaintiff timely requested a hearing before an administrative law judge (ALJ), and appeared before the Honorable Joel T. Elliott on April 16, 2009. Tr. 13. ALJ Elliott denied plaintiff's claim by written decision dated June 18, 2009. Tr. 13–21. Plaintiff's subsequent review from the

1 – OPINION AND ORDER

Appeals Council was denied, thus rendering the ALJ's decision final. Tr. 1–3. On September 30, 2011, the Honorable Michael R. Hogan affirmed the Commissioner's denial and dismissed plaintiff's action. Order, ECF No. 19. On July 8, 2013, the Ninth Circuit reversed and remanded for further proceedings. USCA Memorandum/Opinion for the 9th Circuit, ECF No. 23. Plaintiff now seeks attorney fees and expenses.

Plaintiff, born on December 27, 1959, has a "marginal 9th grade education" and is able to communicate in English. Tr. 20. Plaintiff was forty-five at the time of alleged disability onset. *Id*. Plaintiff alleges disability beginning February 5, 2004, tr. 13, due to residual degenerative joint disease of the right ankle, depressive disorder, learning disorders, and degenerative disc disease of the spine, Pl.'s Br. 2, ECF No. 13.

## STANDARD OF REVIEW

Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Underwood*, 487 U.S. at 565).

## DISCUSSION

2 – OPINION AND ORDER

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. First, this Court must ascertain whether plaintiff is a prevailing party. *See, e.g.*, *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Second, this Court must determine whether the government was substantially justified in its position in the underlying agency action and litigation. *Meier*, at 870. Because neither party contests that plaintiff is a prevailing party, plaintiff's entitlement to attorney fees and expenses hinges on whether the Commissioner was substantially justified in (1) its position in the underlying agency conduct and (2) in its litigation position.

## I. Underlying Agency Conduct

The parties dispute whether the ALJ's decision was substantially justified.[1] In its memorandum disposition, the Ninth Circuit held that ALJ Elliott's hypothetical question to the vocational expert (VE) failed to incorporate his "findings regarding Nelson's depressive disorder," and therefore, the VE's "conclusion was compromised."[2] USCA Memorandum/Opinion for the 9th Circuit 2, ECF No. 23-1. As a result, the Ninth Circuit remanded for further proceedings. *Id*. at 3. Upon remand, the Ninth Circuit instructed the ALJ to "consider Exhibit 14F"[3] and to consider "new evidence Nelson submitted to the Appeals Council." *Id*.

In response to plaintiff's request for attorney fees, the government argues that ALJ Elliott "thoroughly examined Plaintiff's psychological records and reasonably found that Plaintiff's

---

[1] In the social security context, the Ninth Circuit treats the ALJ's decision "as the action or failure to act by the agency upon which the civil action is based." *Meier*, 727 F.3d at 870 (citations omitted).

[2] ALJ Elliott's asked the VE: "If we had [a]n individual of similar age, education and work experience as the claimant, let us assume that this individual could perform work at the light exertional level, however there should be no repetitive or prolonged bending or stooping, this individual should not be engaged in complex work and should be involved with simple, routine, repetitive types of work, work tasks." Tr. 45.

[3] Of note, the Ninth Circuit found that it "could not discern from the record whether the ALJ received and considered [Exhibit 14F]." USCA Memorandum/Opinion for the 9th Circuit 3, ECF No. 23-1.

3 – OPINION AND ORDER

subjective complaints were inconsistent with the ALJ's residual functional capacity findings." In particular, the government contends that this thorough examination substantiates the ALJ's position.[4] The government's argument is unpersuasive.

"In this case, the ALJ determined at step two that [plaintiff's] mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1181 (9th Cir. 2011); *see also* tr. 17. Despite this determination, "the ALJ did not indicate that medical evidence suggested [plaintiff's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the [VE]."[5] *Winschel*, 631 F.3d at 1181. Because of ALJ Elliott's omission, the "[VE's] testimony is not 'substantial evidence' and cannot support the ALJ's conclusion that [plaintiff] could perform significant numbers of jobs in the national economy." *Id*.

In this Circuit, a "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Meier*, 727 F.3d at 874 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). Further, "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as

---

[4] The government makes no argument that ALJ Elliott's hypothetical questions implicitly accounted for all plaintiff's impairments. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008).

[5] Note, an ALJ does not generally account for "a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Winschel*, 631 F.3d at 1180 (citing *Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2009)). However, the Ninth Circuit recognizes that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite" these limitations, "limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id*. (citing *Stubbs-Danielson v. Astrue*, 539 F.3d at 1173–76)). In contrast to *Stubbs-Danielson*, the medical evidence in this case failed to demonstrate that plaintiff was capable of simple, routine tasks despite his "severe depressive disorder."

4 – OPINION AND ORDER

lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)) (internal quotation marks omitted). Unlike in those few "decidedly unusual cases,"[6] the government's arguments have all essentially been rejected by the Ninth Circuit. Thus, this case does not meet the "decidedly unusual case" threshold. *See, e.g.*, *Meier*, 727 F.3d at 872.

To the extent that Judge Hogan affirmed the Commissioner's decision, this Court may properly consider the government's prior success.[7] For example, in *Underwood*, the Supreme Court found that "a string of losses can be indicative; and even more so a string of successes." 487 U.S. at 569; *see also Meier*, 727 F.3d at 873. However, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Underwood*, 487 U.S. at 569; *see also United States v. Real Prop. at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d 1146, 1152-53 (9th Cir. 2002). Accordingly, the government has not met its burden of establishing that the ALJ's position was substantially justified.

## II. Litigation Position

"Because the government's underlying position was not substantially justified, [this Court] need not address whether the government's litigation position was justified. *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008)). Moreover, even if this Court were to reach the issue, this Court would conclude that the government's litigation lacked substantial justification. *See, e.g.*, *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996)

---

[6] For example, in *Al-Harbi*, the Ninth Circuit found substantial justification because (1) it had not yet resolved whether Al-Harbi had participated in the persecution of others because of the procedural posture of the case and (2) it had upheld the government's central positions on appeal—"that Al-Harbi's testimony was not to be credited at all, and that he did not prove that he had been subjected to past prosecution." 284 F.3d at 1085; *see also Le v. Astrue*, 529 F.3d 1200, 1201–02 (9th Cir. 2008) (finding substantial justification where the government contested the characterization of a physician as "treating" where the regulatory standard was vague); *Lewis v. Barnhart*, 281 F.3d 1081, 1086 (9th Cir. 2002) (upholding district court's denial of attorney fees).

[7] Judge Hogan did not assess ALJ Elliott's omission of plaintiff's "severe depressive disorder" limitation during hypothetical questions posed to the VE.

5 – OPINION AND ORDER

(citations omitted) (internal quotation marks omitted) ("It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."). To the extent that the government proffers a defense of the ALJ's decision, it largely reiterates arguments that the Ninth Circuit rejected on appeal. *See, e.g.*, Def.'s Resp. to Pl.'s Mot. for Att'y Fees, ECF No. 27. Given the flaws identified by the Ninth Circuit, this Court is not persuaded that the government reasonably chose to defend the ALJ's decision in this action.

### III. EAJA Award

Plaintiff's counsel filed an affidavit and an itemized statement of attorney fees demonstrating that he worked 60 hours on this case and that the attorney fees and expenses total $11,604.87. Decl. of Tim Wilborn 1–4, ECF No. 25-1. The government does not oppose the amount of fees requested.

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). This Court has an independent duty to review the fee request to determine its reasonableness. *See, e.g.*, *Hensley v. Eckerhart*, 461 US 424, 433 (1983). Under the EAJA, an award of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja*, 428 F.3d at 876 (citations omitted) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses."). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id*. at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

6 – OPINION AND ORDER

Pursuant to these cost-of-living calculations,[8] plaintiff is awarded fees at the hourly rates of $175.06 for 5.6 hours of work performed by counsel in 2010, $180.59 for 26.8 hours of work performed by counsel in 2011, $184.32 for 11.5 hours of work performed by counsel in 2012, $186.55 for 1 hour of work performed in the first half of 2013, and $186.95 for 15.1 hours of work performed by counsel in the second half of 2013, for a total award of $11,604.47[9] in attorney fees and expenses.

## CONCLUSION

For these reasons, plaintiff's petition (#24) is GRANTED. Plaintiff is awarded attorney fees in the amount of $11,604.47.

IT IS SO ORDERED.

DATED this 14th day of January, 2014.

_s/ Michael J. McShane_
Michael J. McShane
United States District Judge

---

[8] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Jan. 3, 2014).

[9] Notice, plaintiff's award has been reduced by $.40 from $11,604.87 to $11,604.47 to reflect one hour of work performed in the first half of 2013.

7 – OPINION AND ORDER